NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0492n.06

No. 16-6475

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LINDA KING, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| AUTOZONERS, LLC | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**FILED**
Aug 23, 2017
DEBORAH S. HUNT, Clerk

BEFORE:     MERRITT, BATCHELDER, and CLAY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Linda King was a Claims Coordinator in the Risk Management department of AutoZoners, LLC ("AutoZone").  In that role, she was responsible for preparing a weekly Corporate Accident Review Board (CARB) report; engaged in subrogation work for tractor-trailer collisions; reviewed and reconciled payments over $5,000 on a report from AutoZone's third-party administrator and provider of claims management services; and completed various clerical tasks.  In January 2013, AutoZone hired a new director of Risk Management, who later restructured the department with an increased focus on analytics, automation, and efficiency.  The restructuring eliminated the Claims Coordinator position, resulting in King's termination in September 2013.  The restructuring also created a new position, Associate Risk Analyst.

Following King's termination, her supervisor temporarily assumed responsibility for production of the CARB report and permanently assumed King's other duties. AutoZone subsequently hired Max Mosely as the new Associate Risk Analyst. Mosely, who has an MBA, took over preparation of the CARB report and is now able to complete the report in approximately two hours, significantly less time than King required for the task. Eventually, he became responsible for preparing approximately thirty other reports for the company through data queries and analysis.

King is an African-American woman over the age of 40 and sued on claims of age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and race and gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. The district court granted summary judgment on all claims. It held that she abandoned her retaliation claim at summary judgment, failed to exhaust her administrative remedies for her gender discrimination claim, and could not make out her prima facie case on her race and age discrimination claims. As to this last holding, the district court found that she produced no evidence demonstrating that she was replaced by a non-protected employee, because her supervisor took over most of her tasks and Mosely took over the remaining task. It also found that she failed to demonstrate that a similarly situated, non-protected employee received more favorable treatment than she did. Specifically, it found that Mosely was not a valid comparator to King. Aside from the overlap of the CARB report's production, which he streamlined, his role at the company was different. Furthermore, he did not yet work at AutoZone at the time of King's termination.

On appeal, King argues that the district court erred by holding that she had abandoned her retaliation claim and by finding that she had not established the prima facie case for her race and

age discrimination claims. After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court did not err in granting summary judgment to AutoZone on all counts. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.